KIM W. WEST, State Bar No. 78553
kim.west@clydeco.us
ALEC H. BOYD, State Bar No. 161325
alec.boyd@clydeco.us
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650

Attorneys for Plaintiff
Texas Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXAS INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD GREAT OAKS, LP, FAIRFIELD DEVELOPMENT, LP, and FAIRFIELD RESIDENTIAL COMPANY, LLC,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY RELIEF (28. U.S.C. §2201 and 28 U.S.C §1332) AND DAMAGES |

For its Complaint, plaintiff TEXAS INSURANCE COMPANY (hereinafter "TIC"), alleges:

**PARTIES**

1. Plaintiff TIC is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in the State of Nebraska.

2. TIC is informed and believes and therefore alleges that Defendant FAIRFIELD GREAT OAKS, LP, ("FGO") is a limited partnership organized and existing under the laws of the State of Delaware, with its present principal place of business in the State of California.

3. TIC is informed and believes and therefore alleges that Defendant FAIRFIELD DEVELOPMENT, LP, ("FD") is a limited partnership organized and existing under the laws of the State of Delaware, with its present principal place of business in the State of California.

4. TIC is informed and believes and therefore alleges that Defendant FAIRFIELD RESIDENTIAL COMPANY, LLC ("FRC") is a limited liability company organized and existing under the laws of the State of Delaware, with its present principal place of business in the State of California.

5. Plaintiff is informed that (1) FGO, FD and FRC share the same offices in San Diego, California (FGO, FD and FRC are collectively referred to as "Defendants").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 2201 because there is complete diversity of citizenship between the TIC, on the one hand, and Defendants, on the other, and the amount in controversy exceeds the jurisdictional minimum of this court.

7. Venue for this action regarding coverage under an insurance policy is proper in this District because (1) this action concerns coverage for a lawsuit filed and pending within the geographic confines of this District entitled *JRK Investors, Inc., and Duo Apartments Property owner, LLC v. Fairfield Great Oaks LP; Fairfield Development, LP; Air Systems, Inc.; and Does 1-20, inclusive*, Superior Court for the State of California, County of Santa Clara, Case No. 24CV432761 (the "JRK Action"), (2) Defendants do business in this District, and (3) California law and public policy govern the relevant issues in dispute.

## THE INSURANCE POLICY AT ISSUE

8. TIC issued Commercial General Liability Policy Number JTI23PANN-01462-02, to Named Insured FRC, for the March 1, 2023 to March 1, 2024 Policy Period (the "Policy"). A true and correct copy of the Policy, with certain premium

COMPLAINT FOR DECLARATORY RELIEF (28. U.S.C. §2201 and 28 U.S.C §1332) AND DAMAGES

price information redacted, is attached hereto as Exhibit A and incorporated herein as if stated in full.

9. Pursuant to Item 5. Limits of Insurance of the Declarations page of the Policy, the Policy provides the following Limits of Insurance:

- Each Occurrence Limit: $2,000,000
- General Aggregate Limit
  (other than Products Completed Operations): $4,000,000
- Products Completed Operations Aggregate Limit: $4,000,000
- Personal and Advertising Injury Limit: $1,000,000
- Damage to Premises Rented To You Limit: $100,000

10. The Deductible Liability Endorsement of the Policy states that the deductible applicable to Coverage A (per occurrence) and Coverage B (per Claim) for All Construction Operations is $100,000. The Deductible Liability Endorsement specifies that TIC's "obligation under Coverages A and B to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the schedule above. The limits of insurance applicable to Coverages A and B will be reduced by the amount of the stated deductible."

11. The CGL coverage described in the Policy is provided under ISO Form CG 00 01 04 03. Section I – Coverages, Coverage A – Bodily Injury And Property Damage Liability provides, in part, as follows:

> Coverage A – Bodily Injury And Property Damage Liability
>
> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those

damages. However, we will have no duty to defend the insure against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or

receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

12. Section II – Who Is An Insured of the Policy states, in part, as follows:

   1. If you are designated in the Declarations as:

   ….

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

13. The Named Insured Amendment Endorsement of the Policy amends Section II – Who Is An Insured so that each of the following is also an insured:

   1. Any other person or organization shown as a Named Insured in the Declarations; and

   2. Any subsidiary, associated, affiliated, allied, or acquired company or corporation (including subsidiaries thereof), partnership, joint venture, or limited liability company, of which any insured shown as the Named Insured in the Declarations has:

      a. More than fifty percent (50%) ownership interest in;

b. Exercises management or financial control over; or

c. Is required to provide insurance for.

14. FGO and FD contend that they have the requisite relationship with FRC to qualify as Insureds under the Policy. TIC does not concede this assertion.

15. Section V – Definitions of the Policy includes, in part, the following definitions:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> ….
>
> 16. "Products-completed operations hazard":
>
>    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
>    (1) Products that are still in your physical possession; or
>
>    (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
>    (a) When all of the work called for in your contract has been completed.
>
>    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
>
>    (c) When that part of the work done at a job site has been put to its intended use by any person

or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   b. Does not include "bodily injury" or "property damage" arising out of:

      (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

      (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

      (3) Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

> For the purposes of this insurance, electronic data is not tangible property.
>
> ….
>
> 22. "Your work":
>
>   a. Means:
>
>   (1) Work or operations performed by you or on your behalf; and
>
>   (2) Materials, parts or equipment furnished in connection with such work or operations.
>
>   b. Includes:
>
>   (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
>
>   (2) The providing of or failure to provide warnings or instructions.

16. Section I – Coverages, Coverage A – Bodily Injury And Property Damage Liability, Section 2. Exclusions, subpart b. Contractual Liability of the Policy ("Contractual Liability Exclusion") states as follows:

> This insurance does not apply to:
>
> ….
>
> b. Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
>   (1) That the insured would have in the absence of the contract or agreement; or

   (2) Assumed in a contract or agreement that is an "insured contract",[1] provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

17. The Policy contains an endorsement titled "Exclusion – Continuous and Progressive Injury or Damage," which states, in part, as follows:

  This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY COVERAGE PART

  The following is added to SECTION I - COVERAGES – COVERAGE A - BODILY INJURY AND PROPERTY

---

[1] The Policy defines "insured contract", in relevant part, as a contract for the lease of premises, a sidetrack agreement, and easement or license agreement, an obligation as required by a local ordinance, an elevator maintenance agreement, or any agreement pertaining to the Insured's business under which the Insured assumes tort liability in the absence of any contract or agreement.

DAMAGE LIABILITY, Paragraph 2., Exclusions and SECTION I – COVERAGES – COVERAGE B – PERSONAL AND ADVERTISING LIABILITY, Paragraph 2., Exclusions:

A. This insurance does not apply to "bodily injury" or "property damage":

1. Which first existed, or is alleged to have first existed, prior to the inception date of the policy; or

2. Which are, or are alleged to have been, in the process of taking place prior to the inception of the policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period.

18. Section I – Coverages, Coverage A – Bodily Injury And Property Damage Liability, Section 2. Exclusions, subpart j. Damage To Property,(2) of the Policy ("Premises Alienated Exclusion") states as follows:

This insurance does not apply to:

….

j. Damage To Property

"Property damage" to:

….

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises. ….

19. Section I – Coverages, Coverage A – Bodily Injury And Property Damage Liability, Section 2. Exclusions, subpart m. Damage To Impaired Property or Property Not Physically Injured of the Policy ("Impaired Property Exclusion") states, in part, as follows:

> This insurance does not apply to:
>
> ….
>
> m. Damage To Property
>
> > "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
> >
> > (1) A defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work."
>
> ….
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

20. Section V – Definitions, subpart 8. defines "impaired property," in relevant part, as follows:

> "Impaired Property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
>
> > a. it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous;
> >
> > ….
>
> if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work"…

21. Defendants contend that they are entitled to coverage for the JRK Action under the Policy. TIC disputes this assertion.

/ / /

/ / /

COMPLAINT FOR DECLARATORY RELIEF (28. U.S.C. §2201 and 28 U.S.C §1332) AND DAMAGES

## THE UNDERLYING JRK ACTION

22. The JRK Action was filed on March 8, 2024. It asserts causes of action on behalf of JRK Investor, Inc. and Apartments Property Owner, LLC (collectively the "JRK Plaintiffs") against FGO, FD, and non-Insured Air Systems, Inc. ("ASI"), for (1) Fraudulent Concealment, (2) Negligent Misrepresentation, (3) Negligence, (4) Breach of Contact, and (5) Declaratory Relief. A true and correct copy of the Complain in the JRK Action is attached hereto as Exhibit B and is incorporated by this reference as though fully set forth herein for the sole purpose of establishing the allegations of the JRK Action.

23. The JRK Action was tendered by FD and FRC to TIC for a defense and indemnity under the Policy.

24. TIC disputes that the Policy affords any coverage for the JRK Action but has, in conformity with California law, extended a defense of the JRK Action subject to a full reservation of the rights to allocate and obtain reimbursement of amounts paid towards the defense of uncovered claims, as well as the right to seek a declaration that no obligation to pay legal expense incurred for the JRK Action is owed. TIC fully reserved all rights available to it under the Policy, at law, and in equity.

## COUNT I

**(Declaratory Relief – No Coverage Afforded By the Insuring Agreements)**

25. TIC incorporates and re-alleges Paragraphs 1 through 22 above as though fully set forth herein.

26. TIC has complied with all of its obligations and duties under the Policy, except those duties which have been excused by the breach or non-performance of Defendants.

27. An actual controversy exists between TIC, on the one hand, and Defendants, on the other hand, relating to their respective rights and obligations under the Policy.

///

28. TIC contends that the First, Second, Fourth, and Fifth Causes of Action alleged in the JRK Action are not covered under the Policy because they do not allege an "occurrence" or seek "property damage" as required by the relevant Insuring Agreement of the Policy.

29. TIC further contends that it has no obligation under the terms of the Insuring Agreements of the Policy to pay legal fees and costs incurred for the defense of each cause of action asserted in the JRK Action.

30. Defendants dispute these contentions.

31. A declaratory judgment is necessary to determine the rights and obligations of the parties to the Policy.

## COUNT II

### (Declaratory Relief – Coverage Precluded By Exclusions)

32. TIC incorporates and re-alleges Paragraphs 1 through 29 above as though fully set forth herein.

33. TIC has complied with all of its obligations and duties under the Policy, except those duties which have been excused by the breach or non-performance of Defendants.

34. An actual controversy exists between TIC, on the one hand, and Defendants, on the other hand, relating to their respective rights and obligations under the Policy.

35. TIC contends that coverage is precluded by one or more of the Continuous and Progressive Injury or Damage Endorsement exclusion, Premises Alienated Exclusion, Contractual Liability Exclusion, and/or the Impaired Property Exclusion under the Policy.

36. TIC further contends that no obligation to pay legal fees and costs incurred for the defense of each and every cause of action alleged in the JRK Action is owed under the terms of the Policy due to the application of exclusions.

37. Defendants dispute these contentions.

38. A declaratory judgment is necessary to determine the rights and obligations of the parties to the Policy.

## COUNT III

### (Reimbursement of Defense Costs Paid)

39. TIC incorporates and re-alleges Paragraphs 1 through 36 above as though fully set forth herein.

40. TIC has agreed to and will pay legal expense incurred for the defense of JRK Action based on a reservation of the right to reimbursement of any and all amounts paid for uncovered legal expense under the Policy.

41. In the event that this Court determines amounts were paid for uncovered legal expense, TIC is entitled to full reimbursement of same.

## COUNT IV

### (Money Had and Received)

42. TIC incorporates and re-alleges Paragraphs 1 through 39 above as though fully set forth herein.

43. TIC has agreed to and will pay legal expense incurred for the defense of JRK Action based on a reservation of the right to reimbursement of any and all amounts paid for uncovered legal expense under the Policy.

44. Defendants are not entitled to such legal expense they receive from TIC.

45. TIC has and is demanding that Defendants reimburse any such amounts so paid.

46. In the event that this Court determines amounts were paid for uncovered legal expense, TIC is entitled to full reimbursement of same.

## PRAYER

Wherefore, Plaintiff TIC prays for the following relief:

A. Judicial declarations that:

    (1)    Coverage is not afforded under the Insuring Agreements of the Policy for some or all of the causes of action alleged in the JRK Action;

    (2)    TIC has no obligation to pay legal fees and costs incurred for the defense of some or all of the causes of action alleged in the JRK Action; and

    (3)    TIC has no obligation to pay indemnity amounts for any awards made pursuant to some or all of the causes of action alleged in the JRK Action.

B.    For reimbursement of some or all of the legal expense paid by TIC for the defense of the JRK Action;

C.    Costs including attorney fees;

D.    Prejudgment interest; and

E.    All other relief as the Court may deem just and proper.

Dated:  June 10, 2024                CLYDE & CO US LLP

By:   /s/ Alec H. Boyd
Kim W. West
Alec H. Boyd
Attorneys for Plaintiff
Texas Insurance Company

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

38118140    15    Case No.
COMPLAINT FOR DECLARATORY RELIEF (28. U.S.C. §2201 and 28 U.S.C §1332) AND DAMAGES